UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:21-cv-00068 |
| $26,100.00 UNITED STATES CURRENCY, | ) ) ) |
| Defendant. | ) |

**COMPLAINT OF FORFEITURE IN REM**

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), the United States of America, by counsel, John Childress, Acting United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem as a matter of course and alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Property constitutes proceeds of, or is property used to facilitate, a violation of the Controlled Substances Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana.

## DEFENDANT

5. The Defendant is twenty-six thousand, one hundred dollars in United States Currency ("$26,100.00," or "Defendant Property") (Asset Identification Number 20-CBP-00347). The Defendant Property was seized January 16, 2020, by Indiana State Police and transferred to the custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP") by the Marion County Superior Court order dated April 1, 2020.

## FACTS

6. On January 16, 2020, officers with the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel / bulk cash smuggling interdiction operation at a parcel shipping company hub in Indianapolis.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds. Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation. Based on information and experience, task force officers can easily identify suspicious packages with indicators, such as newly-bought

boxes from the shipping company and excessive tape at the seams of the packages. Suspicious packages are typically sent via priority overnight shipping that has been paid for with cash. To preserve anonymity, smugglers often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (*e.g.*, Texas, Arizona, California) draw increased suspicion, as do those sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics detection canines. The layered packaging is usually an attempt to mask or prevent any odors from escaping the interior of the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons along with the cash or monetary instruments – narcotics traffickers rarely include any type of instruction with the proceeds.

8. During the course of the operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7796 9944 1576 ("Parcel 1576" or the "Package"), was identified as suspicious. Parcel 1576 was addressed to Sandra Mozer, 255 S. Grand Ave., Apt. 1205, Los Angeles, CA 90012, with no phone number. The sender was identified as Kelly Billinger, 6903 90th St. S., Cottage Grove, MN, 55016, with phone number XXX-XXX-2023.

9. The package drew attention for several reasons, including that Parcel 1576 was a new parcel box with heavily taped seams. Parcel 1576 was shipped priority overnight and paid for with cash, with information missing from the label. The parcel was being shipped to a source state (California). No signature or contact was required to receive the shipment.

10. A certified drug detection canine, handled by an IMPD officer, inspected Parcel 1576, along with other packages. The examination resulted in the canine's positive indication for the presence of the odor of a controlled substance on Parcel 1576. The drug detection canine had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.

11. The IMPD officer applied for a search warrant to inspect the interior of Parcel 1576 based on the suspicious appearance of the package and the canine's positive alert. On January 16, 2020, a Marion County Superior Court Judge granted the search warrant upon a finding of probable cause.

12. Task force officers then opened Parcel 1576 to find inside a sealed plastic shipping bag containing a heat- and vacuum-sealed plastic bag with a book inside (Financial and Managerial Accounting), which had cash in the pages. The currency totaled $26,100.00. As discussed above, multi-layered packaging methods are commonly used by smugglers in an attempt to mask the presence of the odor of a controlled substance. There was no document or correspondence indicating the purpose for which the $26,100.00 in currency was shipped.




 

13.     After the package was opened, officers conducted an inspection of the currency using the drug detection canine. The canine again alerted for the presence of the odor of a controlled substance, indicating that the $26,100.00 has a threshold of controlled substance contamination.

14.     As there was probable cause to seize the currency for violations of federal and state controlled substance laws, the $26,100.00 was seized and taken into custody by Indiana State Police, pending the issuance of a state turnover order.

15.     Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 1576. The investigation revealed that the sender Kelly Billinger resides at the address listed on Parcel 1576. Billinger has a date of birth of XX/XX/1987. Billinger's criminal history includes charges of auto theft, possession of marijuana and domestic assault. The phone number listed for the parcel, XXX-XXX-2023, was registered to a different individual with a different mailing address. The investigation pertaining to the intended recipient Sandra Mozer was inconclusive. No individual by this name was able to be identified.

16.     On April 1, 2020, the Marion Superior Court, Civil Division, issued its order transferring the Defendant Property to the appropriate federal authority.  *See* Marion County Superior Court, Civil Division, Docket 49D06-2001-MI-002980, and the Defendant Property was transferred to DHS-CBP on June 2, 2020.

17.     DHS-CBP sent notice to sender and the intended recipient on June 25, 2020, in an attempt to address the matter through administrative proceedings.  The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for judicial forfeiture proceedings.  DHS-CBP confirmed that both letters were delivered to the respective addresses.  To date, neither the sender nor the intended recipient have contacted DHS-CBP.

18.     It is against Federal Express policy, as stated on its website, to ship cash via Federal Express.  *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES

19.     Under 21 U.S.C. § 841(a)(1), it shall be unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance; or…to  possess with intent to distribute, or dispense—a controlled substance.

20.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to U.S.C. § 881(a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be

furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and, (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

21. Based on the factual allegations set forth above, the Defendant Property is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys … used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court deems just and proper.

          JOHN E. CHILDRESS
          Acting United States Attorney

By:   /s/*Kelly Rota*
      Kelly Rota
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Fax: (317) 226-5027

## VERIFICATION

I, Luther Selby, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 1/11/2021

Luther Selby
Special Agent, HSI